IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SHELDON YELLOW HEAD and JOSEPH GARREAU, as Co-Personal Representatives of the ESTATE OF TAMARA L. GARREAUX for and on the Estate's behalf, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br><br>LINDSKOV RANCHES LLLP,<br><br>And<br><br>LESLIE aka "LES" LINDSKOV, individually, and as a partner in Lindskov Ranches LLLP,<br><br>And<br><br>CHANCE M. ANDERSON, individually,<br><br>and<br><br>ERNEST E. LAFFERTY, individually,<br><br>and<br><br>UNITED STATES OF AMERICA, through the United States Department of Health and Human Services.<br><br>Defendants. | Complaint<br><br>3:23-cv-3006 |

COME NOW, Plaintiffs Sheldon Yellow Head and Joseph Garreau, as Co-Personal

Representatives of the Estate of Tamara L. Garreaux also known as Tamara L. Garreaux-Yellow

1

Head, deceased ("Garreaux"), by and through their attorneys of record, May, Adam, Gerdes, and Thompson, LLP, and hereby states and alleges as follows:

## INTRODUCTION

1. This is a Federal Torts Claims Act (FTCA) action for wrongful death and survival arising from the acts and omissions of the United States Department of Health and Human Services (HHS) and its employee pursuant to 28 U.S.C. § 1346(a), 2401(b), 2671-80 and SDCL ch. 21-5.

2. Ernest E. Lafferty was at all relevant times an employee of HHS on duty and acting within the scope of his employment with HHS through the Cheyenne River Sioux Tribe (CRST) Indian Health Service (IHS) in rural Dewey County, South Dakota.

3. This case also involves state court negligence, survival, failure to supervise, and wrongful death claims against Chance M. Anderson, Leslie Linskov and Lindskov Ranch Partnership arising from a common nucleus of operative fact as the FTCA claim against the United States of America under 28 U.S.C § 1367.

4. Upon information and belief, Chance M. Anderson was at all relevant times an employee of Lindskov Ranches LLLP on duty and acting within the scope of his employment with Lindskov Ranches LLLP in rural Dewey County, South Dakota.

5. Upon information and belief, Leslie Lindskov was at all relevant times a partner in Lindskov Ranches LLLP, acting on behalf of the Partnership with responsibility for directly supervising Chance M. Anderson and insuring the safe operation of its business interests.

## PARTIES

6. Sheldon Yellow Head (hereinafter "Yellow Head") is the Co-Personal Representative of the Estate of Tamara L. Garreaux, deceased. Yellow Head resides at P.O. Box 54, Eagle Butte, South Dakota 57625, and is the surviving husband of Tamara L. Garreaux, and co-personal representative of the Estate of Tamara L. Garreaux, his deceased wife. Additionally, Yellow Head is legally blind.

7. Joseph Garreau (hereinafter "Garreau") is the Co-Personal Representative of the Estate of Tamara L. Garreaux, Deceased. Garreau resides at P.O. Box 1604, Eagle Butte, South Dakota 57625, and is the surviving son of Tamara L. Garreaux, and co-personal representative of the Estate of Tamara L. Garreaux, his deceased mother.

8. Pursuant to SDCL § 21-5-5, Yellow Head, as Garreaux's husband, and Garreau—along with his siblings—her son, are the statutory beneficiaries of the wrongful death and survival action.

9. Upon information and belief defendant Lindskov Ranches LLLP (hereinafter "Lindskov"), employed Chance M. Anderson at all relevant times and owned and was legally responsible for the operation, licensing, and upkeep of the involved semi tractor and flatbed semi-trailer. Upon information and belief, Lindskov is a South Dakota partnership with a principal place of business in South Dakota.

10. Chance M. Anderson (hereinafter "Anderson") upon information and belief was at all relevant times an employee of Lindskov Ranches LLLP and was on duty and acting within the scope of his employment at the time of the subject motor vehicle accident which forms the underlying basis for this action; Anderson was the operator of the involved truck-tractor and flatbed semi-trailer.

11. Ernest E. Lafferty (hereinafter "Lafferty"), was at all relevant times an employee of Indian Health Service, a subagency of the United States Department of Health and Human Services, and on duty and acting within the scope of his employment; Lafferty was the operator of the involved passenger van.

12. United States of America through its agency and subagency employed and was responsibly for supervising Lafferty at the time of the subject motor vehicle accident which forms the underlying basis for this action.

## JURISDICTION AND VENUE

13. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, 2675 *et seq.*, against the United States of America, which vests exclusive subject matter jurisdiction of federal tort claims litigation in the federal district court.

14. Venue is proper in the Central Division of the District of South Dakota pursuant to 28 U.S.C. §§ 1402(b) because the United States is a defendant and Plaintiffs reside in Dewey County, South Dakota, and the acts giving rise to this Complaint occurred in Dewey County, South Dakota, in the District of South Dakota.

15. Garreau accepted appointment as co-personal representative of the Estate by the Circuit Court, Fourth Judicial Circuit, Dewey County, South Dakota on December 6, 2020.

16. Yellow Head accepted appointment as co-personal representative of the Estate by the Circuit Court, Fourth Judicial Circuit, Dewey County, South Dakota on December 9, 2020.

17. Pursuant to 28 U.S.C. § 2675, Plaintiffs have presented their claim for wrongful death and survivorship to Defendant, United States of America, based upon the negligent acts and omissions of HHS in the performance of a ministerial act.

4

18. The claim was received by the HHS Office of the General Counsel on or about June 1, 2021.

19. Attached to the claim were all pertinent documents from the circuit court concerning the appointment of Yellow Head and Garreau as co-personal representatives of the Estate. Such documentation clearly demonstrated to HHS that Yellow Head and Garreau had authority to bring the claim on behalf of the Estate.

20. The claim was denied by HHS on or about December 22, 2022, and action is therefore appropriate under 28 U.S.C. 2675(a). Reconsideration was sought on December 30, 2022.

21. This case also involves state court negligence, survival, failure to supervise, and wrongful death claims against Chance M. Anderson, Leslie Linskov and Lindskov Ranches LLLP arising from a common nucleus of operative fact as the FTCA claim against the United States of America under 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367 supplemental jurisdiction exists over all defendants against whom state causes of action have been pled.

## FACTS

22. At the time of the incident, Garreaux was a 57-year-old woman who was an enrolled member of the Standing Rock Sioux Tribe. As an enrolled tribal member, Garreaux received medical treatment through IHS.

23. IHS is a subagency of the United States Department of Health and Human Services.

24. IHS facilitates medical services by transporting qualifying patients via transport van to and from IHS services.

25. On the morning of August 4, 2020, Garreaux was enroute from Eagle Butte, South Dakota, to Bismarck, North Dakota in an IHS van driven by IHS employee Lafferty.

26. Garreaux was seated in the second row of seats of the IHS van when Lafferty, the van's driver, attempted to pass a semi-tractor trailer, driven by Anderson who was in the scope of his employment for Lindskov, in an intersection.

27. The semi-tractor trailer operated by Anderson and owned by Lindskov, at the time of the incident, was not equipped with working headlights, taillights, brake lights, or turn signal indicators on either the truck or trailer; the semi-tractor trailer had expired license plates and was operated with no proof of insurance.

28. Driving with no working brake lights or turn signal indicators, and failing to signal a turn are violations of South Dakota state statute, South Dakota criminal violations, and constitute negligence per se.

29. During the attempted passage, Lafferty was operating the vehicle in excess of the posted speed limit, driving 5 to 8 miles over the speed limit as he attempted to pass the semi-tractor trailer in an intersection; the van operated by Lafferty had expired license plates.

30. Driving in excess of posted speed limits and passing in an intersection are violations of South Dakota state statue, South Dakota criminal violations, ministerial duties, and constitute negligence per se.

31. As Lafferty, while speeding, attempted passing the semi-tractor trailer in an intersection, the semi-tractor began turning at the intersection, resulting in the vehicles colliding and the van operated by Lafferty rolling.

32. As a result of the vehicular crash, Garreaux suffered massive injuries. Garreaux survived the initial crash, was conscious and suffered excruciating pain and suffering as jaws of life were utilized by first responders and she was eventually extracted from the wreckage.

Garreaux additionally suffered severe mental anguish as she lay in the wreckage, waiting to be extracted and treated.

33. Garreaux lived for 30 to 45 minutes before succumbing to her injuries and dying.

34. Leslie Lindskov, upon information and believe was directly responsible for supervising the actions of Anderson and insuring the vehicle was safe for use.

## COUNT 1—WRONGFUL DEATH/NEGLIGENCE

35. Plaintiffs hereby reallege and incorporate by reference the allegations in the preceding paragraphs as though fully set forth in this cause of action.

36. Plaintiffs bring this action for damages resulting from the wrongful death of Garreaux, pursuant to SDCL ch. 21-5, for the exclusive benefit of the lawful beneficiaries of Garreaux.

37. While Garreaux was in the care of HHS, via Lafferty and IHS, HHS owed a duty to Garreaux to possess and apply that degree of learning and skill ordinarily possessed by an ordinary driver engaged in the same type of practice in the same or similar locality.

38. HHS, via Lafferty and IHS, failed to follow South Dakota statute and traffic laws which resulted in the vehicular crash that killed Garreaux.

39. HHS failed to exercise such learning and skill ordinarily possessed by an ordinary driver engaged in the same type of practice in the same or similar locality.

40. Plaintiffs believe discovery may reveal other deviations from the standard of care and reserves the right to raise or argue those claims in the future if appropriate.

41. As a result of HHS's negligence and the violations of the ministerial duties noted above, Garreaux suffered extreme mental anguish as she lay in the van slowly dying.

42. As a result of HHS's negligence and the violations of the ministerial duties noted above, Garreaux suffered extreme physical pain and injury, which she ultimately succumbed to and died.

43. As a direct and proximate result of HHS's negligence and the violations of the ministerial duties noted above, Plaintiffs have been deprived of pecuniary benefits they would have received from Garreaux including, but not limited to, Garreaux's companionship, counseling, guidance, aid, support, advice, assistance, and protection.

44. Plaintiffs suffered $5,700,580 in damages as a result of HHS negligence and the violations of the ministerial duties noted above.

## COUNT 2—SURVIVAL

45. Plaintiffs hereby reallege and incorporate by reference the allegations in the preceding paragraphs as though fully set forth in this cause of action.

46. As a direct and proximate result of HHS's negligent acts and omissions listed above, Garreaux suffered a great deal of pain and suffering, discomfort, mental anguish, and ultimately death.

47. Plaintiffs, as co-personal representatives of Garreaux's estate, are entitled to recover damages for the pain, suffering, and discomfort suffered by Garreaux.

48. Plaintiffs suffered at least $5,774,580 in damages as a result of HHS negligence and the violations of the ministerial duties noted above.

## COUNT 3—WRONGFUL DEATH/NEGLIGENCE FAILURE TO SUPERVISE

49. Plaintiffs hereby reallege and incorporate by reference the allegations in the preceding paragraphs as though fully set forth in this cause of action.

50. Plaintiffs bring this action for damages resulting from the wrongful death of Garreaux, pursuant to SDCL ch. 21-5, for the exclusive benefit of the lawful beneficiaries of Garreaux.

51. Lindskov and Anderson failed to follow South Dakota statute and traffic laws which resulted in the vehicular crash that killed Garreaux. They failed to insure proper signal and brake lights were functioning and failed to notify of other drivers of their intent to turn.

52. Lindskov and Anderson failed to exercise such learning and skill ordinarily possessed by an ordinary driver engaged in the same type of practice in the same or similar locality.

53. Plaintiffs believe discovery may reveal other deviations from the standard of care and reserves the right to raise or argue those claims in the future if appropriate.

54. As a result of Lindskov and Anderson's negligence, Garreaux suffered extreme mental anguish as she lay in the van slowly dying.

55. As a result of Lindskov and Anderson's negligence, Garreaux suffered extreme physical pain and injury, which she ultimately succumbed to and died.

56. As a direct and proximate result of Lindskov and Anderson's negligence, Plaintiffs have been deprived of pecuniary benefits they would have received from Garreaux including, but not limited to, Garreaux's companionship, counseling, guidance, aid, support, advice, assistance, and protection.

57. Plaintiffs suffered an amount to be determined at trial due to the negligence of Lindskov and Anderson.

58. Upon information and belief, Leslie Lindskov, as a partner and supervisor within Lindskov, failed to properly supervise the partnership and its employees at the time of the motor vehicle accident.

59. Upon information and belief, Leslie Lindskov, as a partner and supervisor within Lindskov, failed to properly supervise and train its employees at the time of the motor vehicle accident.

## COUNT 4—SURVIVAL

60. Plaintiffs hereby reallege and incorporate by reference the allegations in the preceding paragraphs as though fully set forth in this cause of action.

61. As a direct and proximate result of Leslie Lindskov, Lindskov and Anderson's negligent acts and omissions listed above, Garreaux suffered a great deal of pain and suffering, discomfort, mental anguish, and ultimately death.

62. Plaintiffs, as co-personal representatives of Garreaux's estate, are entitled to recover damages for the pain, suffering, and discomfort suffered.

63. Plaintiffs suffered at least $5,774,580 in damages as a result of Lindskov and Anderson's negligence.

## COUNT 5—PUNITIVE DAMAGES

64. Plaintiffs hereby reallege and incorporate by reference the allegations in the preceding paragraphs as though fully set forth in this cause of action.

65. Leslie Lindskov, Lindskov and Anderson's breaches of obligations, acts, and omissions were intentional, willful or wanton, in disregard of humanity, and entitle Plaintiffs to

punitive damages. Such actions intentionally exposed other users of the roadway to unnecessary danger, risk of harm, and ultimately, death.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A. For judgment against the Defendant United States of America on all Counts in an amount as shall be determined by the trier of fact.

B. For judgment against the Defendant Ernest E. Lafferty on all Counts in an amount as shall be determined by the trier of fact.

C. For judgment against Defendant Lindskov Ranches LLLP on all Counts in an amount as shall be determined by the trier of fact.

D. For judgment against Chance M. Anderson on all Counts in an amount as shall be determined by the trier of fact.

E. For judgment against Leslie Lindskov on all Counts in an amount as shall be determined by the trier of fact.

F. For Plaintiff's costs and disbursements as allowed by law; and

G. Such other further relief as shall be deemed reasonable and necessary.

**PLAINTIFFS DEMAND TRIAL BY JURY UPON ALL TRIABLE ISSUES.**

Dated: April 6, 2023.

            MAY, ADAM, GERDES & THOMPSON LLP

BY: *[signature]*
    DOUGLAS A. ABRAHAM
    CASH E. ANDERSON
    *Attorneys for Plaintiffs*
    503 South Pierre Street
    P.O. Box 160
    Pierre, South Dakota 57501-0160
    Telephone: (605)224-8803
    Telefax: (605)224-6289

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHELDON YELLOW HEAD and JOSEPH GARREAU, as Co-Personal Representatives of the ESTATE OF TAMARA L. GARREAUX, for and on the Estate's behalf,

### DEFENDANTS
LINDSKOV RANCHES, LLLP
LINDSKOV, LESLIE aka "LES"
ANDERSON, CHANCE M.
LAFFERTY, ERNEST E.
UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff **DEWEY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **DEWEY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
MAY, ADAM, GERDES & THOMPSON, LLP
503 S Pierre Street, Pierre, SD 57501

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 13469b), 2671, 2675 et seq.

Brief description of cause:
Automobile collsion between vehicles owned by Defendant Lindskov and Defendant United States of America. resulting in the death of decedent Plaintiff.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $5,774,580.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/06/2023

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.